## John Chadbourn *vs.* Benjamin Franklin.

It is no ground of exception to the admission, after the defendant's evidence, of evidence for the plaintiff, which tends to contradict the defendant's witness in a material point, that it also tends to corroborate the case made by the plaintiff's evidence in chief.

A juror's testimony is inadmissible, on a motion for a new trial, to show his own misconduct during the trial, even out of the jury room.

Action of tort for damage occasioned to the plaintiff's horse and chaise by a collision with the defendant's hack on a highway in Roxbury.

At the trial in the court of common pleas, before *Perkins*, J., the plaintiff introduced evidence tending to show that he was driving his horse and chaise at a slow trot along the highway, which was nearly fifty feet wide; and, meeting the defendant's hack drawn by two horses, turned his horse and chaise to the right of the middle of the travelled part of the street, to within three feet of the sidewalk, when the wheel of the hack struck the wheel of the chaise, and occasioned the damage complained of; and that there was a space of twenty feet on the right hand of the defendant, without any obstruction to his passing on that side of the street in the direction in which he was then travelling.

The defendant called two witnesses, Divoll and Folsom, who testified that, after the collision, and while the chaise and hack were in contact, they, going in the same direction with the plaintiff, passed on an express wagon to the right of the plaintiff's chaise, and stopped abreast of it, and while there a covered wagon passed them on their right. And Folsom testified that the defendant was not near the middle of the street, and had not room enough on his right hand for a carriage to pass between him and the curb stone.

The plaintiff then offered, and, against the defendant's objection, was permitted by the judge, " (acting," as was stated in the bill of exceptions, " in his discretion under the circumstances,) to introduce evidence (being, in the opinion of the judge, fair and proper matter of rebuttal) which tended to show that neither

Folsom nor Divoll were at the place of the collision at the time and under the circumstances stated by them in their testimony; that an express wagon came up after the collision on the left side of the road as the plaintiff was travelling; that there was not room enough for an express wagon on the plaintiff's right hand, without running against the fence; that the cushions of the chaise were picked up on the sidewalk on the right hand side of the road as the plaintiff was travelling; and that the right wheel of the chaise was in the gutter on the right hand side of the plaintiff as he was going, and between the street and the sidewalk on that side." The jury returned a verdict for the plaintiff.

The defendant moved for a new trial, and in support of the motion offered one of the jurors as a witness to show that on the Sunday intervening while the trial was in progress, said juror went to the place where the collision occurred, and examined it for the purpose of informing himself upon the subject matter of the trial. But the judge ruled that the juror could not be permitted to testify, in support of this motion, to these acts tending to show his own misconduct. The defendant alleged exceptions.

*F. Hilliard,* for the defendant. The evidence objected to was precisely similar in character to that introduced by the plaintiff in chief, and was therefore wrongfully admitted in reply; and its admission is ground of exception. *Jones* v. *Kennedy,* 11 Pick. 131. *Rees* v. *Smith,* 2 Stark. R. 31. *Rex* v. *Beezley,* 4 Car. & P. 220. *Hathaway* v. *Hemingway,* 20 Conn. 191. *Clinton* v. *McKenzie,* 5 Strob. 36. *Ordronaux* v. *Helie,* 3 Sandf. Ch. 514. If the stage of the trial at which such evidence may be admitted is within the discretion of the presiding judge, still it should appear by the bill of exceptions that he exercised his discretion properly.

2. The act of the juryman, which was objected to, was misconduct, and ground for setting aside the verdict. *Tyrrell* v. *Bristow,* 1 Alc. & Nap. 398. *Knight* v. *Freeport,* 13 Mass. 218, 220. *Parks* v. *Boston,* 15 Pick. 209. And it might be proved by the juror's own testimony, especially as it was not an act

done in the jury room.  *Grinnell* v. *Phillips,* 1 Mass. 541, 542. *Ferrill* v. *Simpson,* 8 Pick. 359.  *Hannum* v. *Belchertown,* 19 Pick. 313.  *Murdock* v. *Sumner,* 22 Pick. 157.  *Bradley* v. *Bradley,* 4 Dall. 112.  *Metcalfe* v. *Deane,* Cro. Eliz. 189.  3 Stark. Ev. (4th Amer. ed.) 1737.  1 Greenl. Ev. §§ 252 & note, 252 *a,* 364 & note.

*J. J. Clarke,* for the plaintiff, was stopped by the court.

SHAW, C. J.  The first exception is founded on the rule, that each party, in his turn to offer evidence, shall offer the whole which is pertinent, and which he means to offer, on any one point of his case.  This is a salutary rule, and tends to secure regularity and fair dealing in the conduct of trials, by giving the adverse party notice of the strength of the case which he has to meet.  But the propriety of its application in each particular case depends so much upon the circumstances of each case, and the actual state of the proof at the time it is offered, that it must be left almost entirely to the judge conducting the trial to say whether it shall be permitted at that stage.

It sometimes occurs that the evidence on reëxamination would have been pertinent as original evidence, in part, and is in part strictly rebutting.  This case affords an instance.  The controverted fact in this case was, whether the defendant with his carriage, at the time of the collision, kept to the right side of the road.  It was important, if not essential to the plaintiff's case, to prove that the defendant did not so keep to the right of the middle line of the travelled road ; and the plaintiff had given evidence to that effect.  Then the two witnesses were called by the defendant, who testified strongly to the contrary, and stated a variety of circumstances in corroboration.  Then the plaintiff called the witnesses who were objected to on the ground that they should have been examined in chief; their evidence tended to show that neither Divoll nor Folsom was at the place, at the time, or under the circumstances stated by them.  This tended to contradict them in a material point, to show that they could not know what they had testified they did know.  In this respect, it was strictly competent in rebuttal, but would have been impertinent in the plaintiff's evidence in chief.  They testified to va-

rious other facts; for instance, the actual distance of the plaintiff's chaise from the right hand sidewalk, which, whilst it directly contradicted the defendant's witnesses, did also bear upon the general question, whether each kept to his own right, or which violated that rule, and therefore might have been received with the plaintiff's other evidence in chief. But as it might not have been necessary to the plaintiff's original case, especially if the witnesses in question had not been examined by the defendant, and it was peculiarly pertinent in rebuttal, it was quite within the discretion of the judge to admit it.

Indeed the cases are so numerous, in which justice requires that proof be received out of the usual and regular course, that it is necessary that the mode of conducting the trial, and the cases in which evidence may be received out of what is regarded as the usual and regular course, should be determined by the judge at the trial. *Commonwealth* v. *Moulton*, 1 Gray, 39. *Morse* v. *Potter*, 4 Gray, 292.

2. Upon the other point, the modern practice has been uniform, not to entertain a motion to set aside a verdict on the ground of error, mistake, irregularity or misconduct of the jury, or any of them, on the testimony of one or more jurors; and it rests, we think, on sound considerations of public policy. *Hannum* v. *Belchertown*, 19 Pick. 313. *Murdock* v. *Sumner*, 22 Pick. 157. *Cook* v. *Castner*, 9 Cush. 278. *Folsom* v. *Manchester*, 11 Cush. 334. *Boston & Worcester Railroad Co.* v. *Dana*, 1 Gray, 105. 1 Greenl. Ev. § 252 *a*. *Exceptions overruled.*